No. 22-61362

_____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

_____

IN RE:  SEVEN STARS ON THE HUDSON CORPORATION

**SEVEN STARS ON THE HUDSON
CORPORATION, d/b/a ROCKIN' JUMP,**

*Appellant,*

v.

**MDG POWERLINE HOLDINGS, LLC
AND XBK MANAGEMENT LLC,
d/b/a APPELLEE-XTREME ACTION PARK,**

*Appellees.*

_____

Appeal from the Order Denying Appellant-Plaintiff's
Motion for Relief Under Rule 60(b)(1) or Alternatively,
to Permit the Late Filing of Appellant Designation of
Record and Statement of the Issues

_____

**INITIAL BRIEF OF APPELLANT
SEVEN STARS ON THE HUDSON CORPORATION'S BRIEF**

On appeal from the United States Bankruptcy Court
For the Southern District of Florida, Broward Division

_____

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................4

STATEMENT REGARDING ORAL ARGUMENT ...............................................5

STATEMENT OF BASIS FOR JURISDICTION ..................................................5

STATEMENT OF ISSUES ...................................................................................5

STANDARD OF REVIEW ...................................................................................6

SUMMARY OF ARGUMENT .............................................................................6

STATEMENT OF THE FACTS ............................................................................7

    Final Judgment in Main Appeal ........................................................................8

    Appellees' Motion Seeking an Award of Attorney Fees and Costs ......................9

    Bankruptcy Court's Ruling on Motion For Attorney Fees and Costs ..................9

    Appeal and Appellant's Motion for a Stay ........................................................10

    Hearing on Appellant's Motion for a Stay .......................................................12

    Motion for Relief under Rule 60(b)(1) or, Alternatively, to Permit Appellant to File its Designation and Statement of Issue Out of Time .....................................14

    Appellee-MDG Response to the Motion ............................................................15

    Appellant's Reply .............................................................................................15

LEGAL ARGUMENT .........................................................................................16

Point I ..................................................................................................................16

APPLICABLE AUTHORITIES – BANKRUPTCY RULES 8001(A), 8009 AND FED. R. CIV. P. 60(B)(1) .....................................................................................16

Point II .................................................................................................................18

RULE 60(B)(1) RELIEF WAS WARRANTED IN THE CIRCUMSTANCES OF THIS CASE ..........................................................................................................18

Point III ...............................................................................................................20

ALTERNATIVELY, THE BANKRUPTCY COURT ABUSED ITS DISCRETION IN NOT PERMITTING APPELLANT TO FILE AN APPELLATE DESIGNATION AND STATEMENT OF ISSUES ...............................................20

CONCLUSION ....................................................................................................24

i

# TABLE OF AUTHORITIES

**Cases**

*Cavaliere v. Allstate Ins. Co.*
996 F.2d 1111 (11th Cir. 1993) ...............................................................6

*Forbes v. Provident Funding (In Re Forbes)*,
2020 WL 2430949 (W.D.N.C. May 12, 2020)......................................................22

*In re Evans*,
2007 WL 1288691 (N.D. Fla. Apr. 30, 2017) ............................................... 22, 23

*In re Parker*,
250 B.R 512 (M.D. Pa. 2000) ...............................................................21

*In re Salem Mortgage Company*,
791 F.2d 456 (6th Cir. 1986) ...............................................................19

*Santiago v. Hurley*,
2006 WL 3196295 (S.D. Ohio 2006) ...............................................................19

*Seven Elves, Inc. v. Eskenazi*,
635 F.2d 396 (5th Cir. 1981) ....................................................... 6, 17, 18

*Tucker v. JP Morgan Chase Bank, N.A.*,
665 Fed. Appx. 841 (11th Cir. 2016)...............................................................6

*Zer-llan v. Frankford, (In re CPDC Inc.)*,
221 F.3d 693 (5th Cir. 2000) ...............................................................21

**Statutes**

28 U.S.C. § 1291 ...................................................................................................5

**Rules**

Fed. R. Bankr. P. 8001 ................................................................... passim
Fed. R. Bankr. P. 8009 ..................................................................... i, 6, 16, 20
Fed. R. Bankr. P. 8012 ...................................................................................4
Fed. R. Civ. P. 60(b) ........................................................................ passim

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure, Appellant Seven Stars on the Hudson Corporation through its undersigned counsel, makes the following certifications and disclosures:

Appellant Seven Stars on the Hudson Corporation is a non-governmental party. Further, Jens Berding is the beneficial owner of 51 % of the Appellant and Eddy Manzo-Berding is the beneficial owner of 49 % of the Appellant.  As such, there is no publicly held corporation that owns 10% or more of its stock.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, Seven Stars on the Hudson Corporation requests oral argument only in conjunction with the related appeal that is pending before this Court. *See* Case No. 22cv60299. Appellant respectfully refers the Court to the Statement Regarding Oral Argument in connection with that appeal. *See* id., D.E. # 45, pg. 2.

## STATEMENT OF BASIS FOR JURISDICTION

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) as well as 28 U.S.C. § 1291. The order appealed from is a final order in that it dismissed the Appellant's appeal to the District Court.

## STATEMENT OF ISSUES

1)   Did the bankruptcy court err in finding that there was no excusable neglect?

2)   Did the bankruptcy court err in not permitting Appellant to file Appellant Designation and Statement of Issues out of time?

## STANDARD OF REVIEW

This Court reviews the bankruptcy court's dismissal of an appeal for failure to file the designation of record and statement of issues under an abuse of discretion standard.  *Tucker v. JP Morgan Chase Bank, N.A*., 665 Fed. Appx. 841, 843 (11th Cir. 2016).   In that context, "[t]he abuse-of-discretion standard is deferential and affords a range of choice to the district court." Id*.*  However, "an abuse of discretion occurs if the court does not apply the proper legal standard, does not follow proper procedures in making the determination, or relies on clearly erroneous factual findings."  Id.

The denial of a motion under Fed. R. Civ. P. 60(b) is reviewed under an abuse of discretion standard.  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981).  Motions brought under Rule 60(b) should be "liberally construed to do substantial justice".  Id., *see also Cavaliere v. Allstate Ins. Co*. 996 F.2d 1111, 1115 (11th Cir. 1993).

## SUMMARY OF ARGUMENT

An appeal from a bankruptcy court to a district court should not be dismissed under Federal rule of Bankruptcy Procedure 8009 (formerly Rule 8006) and the applicable Local Rule when there is overwhelming evidence that the Appellant did not intend to abandon the appeal but instead believed that the issues underlying the appeal had been resolved by an agreed order entered the very same day the Appellate

Designation of Record and Statement of Issues were due. The quandary for Appellant was if the issues underlying the appeal had been fully resolved, what was left to appeal. Nevertheless, the bankruptcy court denied the relief requested without considering any of the relevant facts including but not limited to the lack of prejudice to the Appellees. Indeed, the record evidence reflects that Appellant stood ready to tender payments to Appellee-MDG in accordance with the Agreed Order, but that Appellee-MDG stated it had no interest. Moreover, the bankruptcy court – without prejudicing either of the Appellees—could have just as easily permitted the Appellant to consolidate this attorney fees' appeal with the main appeal. It chose not to, despite the lack of any showing of prejudice by the Appellees. It was, accordingly, error to dismiss the appeal pending in the district court.

## STATEMENT OF THE FACTS

This appeal arises from an order of the bankruptcy court that dismissed an underlying appeal taken from an order awarding the Defendants-Appellee, MDG Powerline Holdings, LLC ("Appellee-MDG") attorney fees and costs. The order dismissing the appeal was entered on May 25, 2022, which was the same day an agreed order was entered which resolved the attorney fees issue (specifically, the payment of same). The main appeal to which this appeal is related is currently pending in this Court. *See Seven Stars on the Hudson Corporation v. MDG Powerline Holdings, LLC* et al., Docket No. 22-60299 ("Main Appeal").

The central issue on the Main Appeal is whether the bankruptcy court abused its discretion in excluding expert testimony based solely on the inability of the Appellant to designate an expert and furnish an expert report by the date set forth in the last scheduling order entered.  Appellant has argued that the bankruptcy court abused its discretion because: (i) the court was aware that Appellant was awaiting funding to pay an expert, (ii) the court approved the funding notwithstanding that the deadline to furnish the report had passed, and (iii) the court acknowledged that such funding was a necessary and appropriate exercise of the Appellant's business judgment because of its financial circumstances.

Because it was denied the ability to proffer an expert on the issue of damages, Appellant was not able to survive summary judgment.[1]

Final Judgment in Main Appeal

On January 28, 2022, the bankruptcy court granted the motions for summary judgment of Appellees.  A final judgment granting Appellees summary judgment and dismissing the second amended complaint was entered on January 31, 2022.

---

[1]    The bankruptcy court in its ruling acknowledged that Appellant's claims "very well may have merit".  See Seven Stars on the Hudson v. MDG Powerline Holdings, LLC, et al., Case No. 19-01230, Bankr. S.D. Fla., DE # 234, pg. 3, 42.

On May 10, 2022, the Appellant filed a timely appeal. A. 169-179.  Currently, the Main Appeal has been fully briefed and the parties are awaiting a decision from this Court.

Appellees' Motion Seeking an Award of Attorney Fees and Costs

On February 14, 2022, Appellee-MDG filed its motion for attorneys' fees.  A. 156-63.  As is relevant to this Appeal, Appellee-MDG sought fees and costs totaling approximately $352,000.  A. 153.

On March 21, 2022, Appellant served and filed its response and objections to each of the Appellees' motions for fees and costs.  A. 156-63.  As is relevant here, Appellant acknowledged that "Appellee-MDG [was] entitled to recover reasonable attorney's fees and non-taxable costs in this case." A. 156, ¶ 1.   However, Appellant objected to the amount of fees and costs sought.  Appellant requested that Appellee-MDG's fees be reduced "across the board", by one-third because there were multiple instances of block billing and attorneys billing for non-attorney administrative tasks. A. 156-57, ¶ 2.    In its reply, Appellee-MDG agreed to the one-third cut of its fees. A. 161.

Bankruptcy Court's Ruling on Motion For Attorney Fees and Costs

On April 21, 2022 a hearing was held on, *inter alia*, the two motions for attorneys' fees and by order filed on April 26, 2022, the bankruptcy court awarded Appellee-MDG $229,012.00 in reasonable attorneys' fees as the prevailing party in

this action and $9,141.23 in nontaxable costs, in addition to the $10,436.42 in taxable costs previously awarded in the Clerk's Bill of Costs. A 175.

The bankruptcy court approved the fee award to Appellee-MDG, holding that "as [Appellee-] MDG conceded, they will accept the 1/3rd reduction that was requested by the plaintiff. So with that, I will grant the motion for attorney's fees of MDG filed at ECF Number 258, but with the 1/3rd reduction requested by the plaintiff and agreed to by MDG." A. 114 (pg. 20, lines 15-20).

An order awarding Appellee-MDG the reduced agreed upon fees and costs in the amount of $248,589 was entered on April 26, 2022. A final judgment awarding fees and costs to Appellee-MDG was entered on May 3, 2022 ("Final Judgment"). A. 174-75.

<u>Appeal and Appellant's Motion for a Stay</u>

Appellant filed its Notice of Appeal on May 10, 2022 from the Final Judgment for the purpose of seeking a stay of enforcement of the Final Judgment on fees. A. 169-71. Under the Bankruptcy Rules, Appellant was required to file its Designation of the Record and Statement of Issues within 14 days or on or before May 24, 2022.

On May 16, 2022, Appellant moved for a stay of execution on the Final Judgment ("Motion for a Stay"). In its Motion for a Stay, the Appellant argued that the applicable factors for a stay, when weighed, favored the issuance of a stay pending the outcome of the Main Appeal. A. 182-83, ¶¶ 13-14. Specifically, and as

to the applicable factors, Appellant argued while it is generally acknowledged that the first factor, likelihood of success on the merits, is the most important, it need not require a showing of "probability" of success.   Rather, the showing required is one where a serious legal issue is presented, and the balance of the remaining equitable factors favor a stay."  A. 183, ¶ 14.   Appellant also argued that it would suffer irreparable harm if a stay were not issued because execution on the Final Judgment would in all likelihood destroy its business.  A. 183-84, ¶ 15.  This would have been catastrophic because only the continued operation of the business would ensure that other creditors, including the Appellant's largest—Wells Fargo—would be paid in accordance with the terms of the Appellant's confirmed Bankruptcy Plan.   Id. Appellant also pointed out that throughout its bankruptcy, it had always met its obligations to the landlord, Appellee-MDG (other than for a brief period of a Covid-forced closures). Id.

Referring to Appellant as a "serial" filer because if filed a notice of appeal from the Final Judgment on fees, Appellee-MDG argued that courts generally "decline to stay 'matters collateral to a final judgment principally involving fees or cost issues, to avoid piecemeal appeals". A. 194, pg. 2.  It also argued that Appellant was unlikely to succeed on the merits of the ***Main Appeal*** because the bankruptcy court was within its discretion in denying the motion to extend the expert discovery deadline. A. 196.  It challenged Appellant's claim of irreparable harm as speculative

11

because it did not offer any "concrete evidence showing that its demise would be 'actual and imminent' absent a stay". A. 198. Appellee-MDG also claimed that it would be "harmed" as a stay would :imped[e] ongoing collection efforts." A. 198. Finally, Appellee-MDG urged the bankruptcy court not to dispense with the supersedeas bond because Appellant had failed to proffer evidence as to harm to other creditors. A. 201.

<u>Hearing on Appellant's Motion for a Stay</u>

On May 19, 2022, the bankruptcy court heard argument on the Motion for a Stay. During the hearing, Appellant acknowledged that the filing of the Appeal from the Final Judgment on the award of attorney fees was filed merely as a "cautionary measure" and the issues it argued arose in connection with the Main Appeal, and that a stay was needed because execution would harm the other Plan creditors before the Main Appeal was decided. A. 59 (lines 16-17).

The bankruptcy court recognized that it was unlikely that Appellant would be in a position to pay the judgment in full or to bond it. This raised a concern for the court as to the other Plan creditors. The court pointed this out to Appellee-MDG:

> THE COURT: The third prong, I mean, the cases phrase them slightly differently, right, but I –I think a fair couching of the third prong is that the other parties—the other partis will suffer no substantial harm if a stay or other injunctive relief is granted. We, what about the other creditors in the bankruptcy case who are being paid under a confirmed plan, won't they be harmed, won't they be prejudiced? Would MDG not be jumping ahead of the line and basically blowing up the plan and coming ahead of all the other creditors who are being paid under the plan whose priority and claims were

12

fixed as of the confirmation date?

A. 82 (lines 118-25) – 83 (lines 1-6).

Because of this expressed concern, the bankruptcy court granted a temporary stay and urged the parties to work with each other in terms of coming up with a solution that would address Appellee-MDG's argument that it needed security and Appellant's concern that any freeze of its bank account would jeopardize other creditors. The court suggested that Appellant make available to MDG its operating reports-which Appellant willing agreed to. A. 89-93.

On May 24, 2022, the parties reached an agreement calling for the payment of the attorney fees in monthly installments.  A. 205-09  Although the Judgment references only the Final Judgment on fees entered against Appellant, the language of the Order also contemplated the possibility of a reversal of the Final Judgment on the Merits.  Specifically, it provides:

> In the event that a final, non-appealable order is entered that reverses or vacates the Judgment, MDG shall return to Seven Stars all payments made hereunder, without interest and without prejudice to MDG's ability to assert a right of setoff if applicable.

A. 207, ¶ 6.

The only "Judgment" that could be vacated or reversed that would warrant a return of fees to Appellant is the Final Judgment in the Main Appeal. Indeed, the

hearing on May 19th discussed the necessary factors—including the all-important "likelihood of success on the merits"  prong as it relates only to the Main Appeal.

Nevertheless, because Appellant did not file a Designation of the Record and Statement of Issues related solely to the appeal from the Final Judgment on attorney fees and costs on May 25, 2022—the day after the settlement—and the same day the Agreed Order was entered, the bankruptcy court entered an order dismissing the appeal.  And on May 26, 2022, a day after the parties' settlement agreement was so-ordered resolving the payment of fees issue, counsel for Appellee-MDG advised Appellant that the final balance for the attorney fees and costs was due on June 24, 2022.  A. 60-66.

Motion for Relief under Rule 60(b)(1) or,
Alternatively, to Permit Appellant to File
its Designation and Statement of Issue Out of Time

By Motion dated June 9, 2022, Appellant moved for relief under Fed. R. Civ. P. 60(b)1), or alternatively, for permission to file its Designation and Statement of Issue Out of Time.  A. 44-53.  Appellant argued that the Order which had been entered a week earlier dismissing the appeal should be set aside because Appellee-MDG would not be prejudiced as it would receive its monthly payments as set forth in the Settlement Agreement.  Moreover, the Settlement Agreement took into account the needs of the Appellant's creditors who depended on the continued operation of Appellant's business.  A. 50, ¶¶ 30-31.  Appellant also argued that, as

14

the transcripts from the earlier arguments indicated, the only appeal all the parties were concerned with was the Main Appeal, because a reversal of the bankruptcy court's final judgment would automatically eliminate the Final Judgment on attorney fees.   A. 50-51, ¶¶ 32-33.

Alternatively, Appellant sought leave to file out of time its Designation and Statement of Issues.  Appellant's counsel noted that there was no dilatory conduct with respect to the non-filing because the briefing in the Main Appeal was done.

Appellee-MDG Response to the Motion

Appellee-MDG argued in opposition that Appellant was not entitled to relief under Rule 60(b)(1) because its actions were deliberate and that therefore the actions of not timely filing the designation could not be characterized as "excusable neglect".  A. 118-130.  It also asserts that Appellant did not timely file its motion and that it was required to "file a motion to alter or amend judgment 'no later than 14 days after entry of judgment.'"  A. 121.  Finally, Appellee-MDG argued that it was prejudiced because Appellant had failed to abide by the Order by tendering the first month's payment.  A. 119.

Appellant's Reply

The Appellant asserted that Appellee-MDG's claimed prejudice stemmed from its own actions in declaring that it had no interest in abiding by the fee schedule and wanted to pursue the entirety of the fees awarded based on the dismissal of the

15

appeal from the Final Judgment.  A. 140, ¶¶ 4-5.  Appellant argued that the question before the court was whether, in light of the parties reaching an agreement as it relates to the payment of the Final Judgment on fees, was there any open issue left regarding the appeal from that Judgment.  Obviously, had the parties not come to an agreement, and this Court denied the stay, Appellant would have been aggrieved for the reasons set forth in its original motion for a stay, including the detrimental impact this would have on Plan Creditors.

However, the parties did reach an agreement.  In light of the Agreed Order, the question then became what was left to pursue on an appeal, given that the amount of the fees was already agreed upon as Appellee-MDG's counsel pointed out during the April 20th hearing and the parties now had an Agreed Order as to how those fees would be paid during the pendency of the appeal from the Final Judgment on the Merits.

At the hearing, the bankruptcy court denied Appellant's motion.  A. 8-43.  The bankruptcy court determined that there was no excusable neglect because Appellant deliberately did not file the designation.  A. 27.

## LEGAL ARGUMENT
### Point I

## APPLICABLE AUTHORITIES – BANKRUPTCY RULES 8001(A), 8009 AND FED. R. CIV. P. 60(B)(1)

As relevant here, the Bankruptcy Rules require the following in the event of the filing of a Notice of Appeal.  Specifically, Rule 8009 requires the Appellant to: "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." This designation must be filed and served "within 14 days after (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered."

Rule 8001 provides in pertinent part that: "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."

Under Fed. R. Civ. P. 60(b)(1), the Court may relieve a party from a final judgment, order, or proceeding based upon mistake, inadvertence, surprise, or excusable neglect. Although a motion under Rule 60(b)(1) is committed to the sound discretion of the Court, that discretion is not without boundaries.  *See Seven Elves. Inc. v. Eskenazi*,  635 F.2d 396, 402 (5th Cir. 1981)("[t]he discretion of the district court is not unbounded, and must be exercised in light of the balance that is struck by Rule 60(b) between the desideratum of finality and the demands of justice").

17

**Point II**

**RULE 60(B)(1) RELIEF WAS WARRANTED IN
THE CIRCUMSTANCES OF THIS CASE**

Under Fed. R. Civ. P. 60(b)(1), made applicable here under Bankruptcy Rule 9024, the Court may relieve a party from a final judgment, order, or proceeding based upon mistake, inadvertence, surprise, or excusable neglect. Although a motion under Rule 60(b)(1) is committed to the sound discretion of the Court, that discretion is not without boundaries. *See Seven Elves. Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)("[t]he discretion of the district court is not unbounded, and must be exercised in light of the balance that is struck by Rule 60(b) between the desideratum of finality and the demands of justice").

The factors analyzed to determine if relief is warranted under this subsection are: (i) whether the non-movant will be prejudiced; (2) whether the movant has a meritorious claim or defense; and (3) whether the movant engaged in culpable conduct that led to the error. Applying those factors here warranted the relief requested by Appellant.

First, Appellee-MDG would not have been prejudiced because the Agreed Order on the payment of fees was acceptable to it. Specifically, Appellee-MDG agreed to accept a monthly payment tied to Appellant's revenues. This schedule took into account and continues to take into account the needs of both parties and,

in the case of Appellant, assures that its Plan creditors will not be prejudiced or their payment rights impaired.

Second and by contrast, the Appellant and Plan Creditors would be prejudiced.  This concerned the bankruptcy court as it oversaw the confirmation of Appellant's confirmed Plan as well as the Plan for Appellant's principals.  Under the third factor, an Appellant's culpability is "framed" under the language of the rule by demonstrating a lack of culpability based on mistake, inadvertence, surprise, or excusable neglect.  In *Santiago v. Hurley*, 2006 WL 3196295 (S.D. Ohio 2006) , the court stated "Although Rule 60(b)(1) does not define the term 'excusable neglect,' the courts have determined the existence of excusable neglect by making an equitable determination based upon the following factors: '(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith.'"

As already noted, Appellee-MDG faced little prejudice.  As the Appellant pointed out to the bankruptcy court, the Order was entered one day after the parties had reached an agreement on the attorneys' fees issue.  The error was excusable as transcript shows that the appeal everyone was concerned about was not the appeal from the Final Judgment on fees but the appeal from the Final Judgment on the Merits—or the Main Appeal.  As the Appealed Order makes clear, a reversal of the

bankruptcy court's Final Judgment on the Merits will automatically eliminate the Final Judgment on the attorney fees.

*See In re Salem Mortgage Company*, 791 F.2d 456 (6th Cir. 1986)(vacating judgment for mistake of attorney who stipulated that the only issue at bar was an issue different than that which the attorney briefed).

**Point III**

**ALTERNATIVELY, THE BANKRUPTCY COURT ABUSED ITS DISCRETION IN NOT PERMITTING APPELLANT TO FILE AN APPELLATE DESIGNATION AND STATEMENT OF ISSUES**

As noted above, under Bankruptcy Rule 8009 requires an Appellant to file a Designation of Record and a Statement of Issues within fourteen (14) days following the filing of the Notice of Appeal.   In this case and believing that the sole issue for which the notice of appeal from the Final Judgment on fees was filed, was resolved by the Order, Appellant did not file the Designation of the Record and Statement of Issues.

The concern of Appellant was that there was little by way of an aggrieved issue because the parties agreed to the amount of the money judgment for fees and costs and to an installment plan for the payment of same. A. 205-09.  In fact, this was specifically noted by this bankruptcy court during the hearing on the attorney fee motions and acknowledged by counsel for Appellee-MDG who stated he was

20

"baffled" because the parties should have had "an agreed order entered or at least presented to the Court for entry a month ago." A. 114 (lines 16-17).

The Appeal in this case was taken as a precautionary measure as the Appellant represented to the bankruptcy court during the May 19th hearing.  A. 59 (lines 16-17). There was no dilatory conduct with respect to the non-filing because the briefing in the main case continued and it is the outcome of that appeal which will determine whether Appellee-MDG is entitled to an award of attorney fees.

Under Local Rule 87.4, the bankruptcy court is empowered to extend the aforementioned deadlines and to permit consolidation with other appeals where there is a common record.   This is such a case.  The attorneys' fees and costs appeal should have been considered along with the Main Appeal because the ultimate resolution of that Appeal—which is fully briefed— will determine the disposition of this underlying Appeal.   Because of the harshness of the sanction of dismissal, a lesser sanction should have been considered, particularly in the absence of any finding of bad faith or other dilatory conduct.  *See In re Parker*, 250 B.R 512 (M.D. Pa. 2000)(noting that "[s]everal circuits have held dismissal is an extreme step, to be taken only under limited circumstances, such as bad faith or prejudice").

In *Zer-llan v. Frankford,* (*In re CPDC Inc*.), 221 F.3d 693, 698 (5th Cir. 2000), the Court stated that dismissal of an appeal is not favored and that violations of procedural rules do not always warrant dismissal. The Court observed that some

"infractions of the rules … are harmless and do not merit dismissals because such a harsh remedy unfairly punishes the client "for his lawyer's mistakes".

*Zer-llan* also makes another point in its ruling that should be considered here: in dismissing an appeal because of non-jurisdictional defects under Rule 8001(a), the review should consider the "prejudicial effect of delay on the appellees and the bona fides of the appellant." Id., 221 F.3d at 698. The Court in *Zer-llan* correctly noted that "[d]ismissal is a harsh and drastic sanction that is not appropriate in all cases, even though it lies with the district court's discretion." Importantly the Court took issue with the lower court's interpretation that "dismissal is the norm rather than a possible sanction warranted only in extreme cases." It held that "whether dismissal is an appropriate sanction, a district court should keep in mind that some infractions of the rules of bankruptcy procedure are harmless and do not merit dismissal; that dismissal unfairly punishes clients for the mistakes of their counsel in some cases." 221 F3d. at 699-700. And where there is no evidence of bad faith or gamesmanship, dismissal is not warranted. *See In re Evans*, 2007 WL 1288691 (N.D. Fla. Apr. 30, 2017)(finding that courts should also "consider whether a lesser sanction would be appropriate" noting that dismissal would only be appropriate if there is evidence of dilatory conduct or bad faith); *see also Mendelsohn v. Ozer*, 241 B.R. 503 (E.D. N.Y. 1997)(Debtors' motion to dismiss the appeal because the

designation was not timely filed was denied as the Court found no prejudice to the appellees as a result of the late filing).

Moreover, several of the Circuits have adopted a system for affording the appellant an opportunity to address the issue before a dismissal. *See Forbes v. Provident Funding (In Re Forbes)*, 2020 WL 2430949 (W.D.N.C. May 12, 2020). The Court in *Evans* recognized that it was appropriate for a court to give a party an opportunity to address the error before dismissing the appeal. The Court held:

> In determining an appropriate penalty under Rule 8001(a), district courts should normally "provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct." *English Speaking Union,* 353 F.3d at 1022.. Courts should then determine an appropriate sanction based on the factual circumstances before them and "explain[ ] why it is in the interest of justice to dismiss rather than to proceed to the merits." *English-Speaking Union,* 353 F.3d at 1022. Such consideration allows courts to "achieve the proper balance between trying cases on the merits and managing their dockets efficiently." *Id.*

Id., 2007 WL 1288691 * 1.

The bankruptcy court did not consider any of this. The Appellant in this case was actively attempting to resolve the issue of Appellee-MDG's attorney fees—at the direction of the bankruptcy court— and had arrived at a resolution that would have protected the Appellant's creditors as well as affording Appellee-MDG a way of recovering its fees before the final disposition of the Main Appeal. Far from

23

deliberately ignoring deadlines, Appellant worked diligently to resolve the issues associated with the underlying attorney fees' appeal.

## CONCLUSION

For the foregoing reasons, the Court should reverse the order entered on July 6, 2022 and/or permit Appellant to serve and file its Appellate Designation and Statement of Issues out of time. and grant such other and further relief as deemed just and equitable in the circumstances.

Dated: October 10, 2022

Respectfully submitted,

_____ */s/ Kathleen A. Daly*_____
Kathleen A. Daly
Fla. Bar. No. 112438
LAW OFFICE OF KATHLEEN A. DALY, P.A.
515 N. Flagler Dr., Ste. P300
West Palm Beach, FL 33401
Tel: (561) 293-8514/(917) 301-2437
Fax No.      (800) 395-8692
Email: kdaly@kadalylaw.com

*Attorneys for the Appellant*
*Seven Stars on the Hudson*
*Corporation*

CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. Bankr. P. 8015(a)(7)(B), as incorporated by this Court's Local Rule 87.4(f), because it contains 4,608 words.

2.      This brief complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5)(A), as incorporated by this Court's Local Rule 87.4(f), because it has been prepared with a minimum font size of 14 point Times New Roman, a proportionally spaced typeface.


*/s/ Kathleen A. Daly*
Kathleen A. Daly
Law Office of Kathleen A. Daly, P.A.

25

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by

Notice of Electronic Filing generated by CM/ECF and/or via email on October 10,

2022, on all counsel or parties of record on the below/attached Service List.

*/s/ Kathleen A. Daly*
Kathleen A. Daly

27